IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF FLORIDA
SOUTHERN DIVISION

JOHN DOE NO. 38,            )
                            )
    Plaintiff,              )
                            )
v.                          ) Civil Action No. 07-22332 CIV-COHN
                            )
ARCHDIOCESE OF MIAMI, INC,  )
ET AL.,                     )
                            )
    Defendants.             )

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant St. Joseph's Society of the Sacred Heart, Inc. (the "Josephites") respectfully submits this memorandum in support of its motion to dismiss, and states:

Plaintiff's claims against the Josephites fail as a matter of law. Plaintiff alleges that from about 1965 to 1967, when he was "approximately 2-3 years old until he was approximately 4 years old," he was abused by a priest affiliated with the Defendants. Complaint, ¶ 7. Plaintiff alleges that the Josephites negligently failed to insure his safety and claims that this Defendant should be vicariously liable for the alleged sexual misconduct of the priest under the doctrine of respondeat superior. Complaint, ¶¶ 19, 36.

However, Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff's claims of negligence and vicarious liability both have a four year statute of limitations, which period is tolled until a minor plaintiff reaches majority-age. Fla. Stat. §§ 95.11(3)(a) (2005) (negligence), 95.11(3)(p)

(vicarious liability), 95.051(1)(h) (tolling provision). Thus, Plaintiff had until the age of 22 to bring his instant claims against the Josephites. Plaintiff was 22 years old in 1985. Plaintiff's claims against the Josephites are, therefore, stale by more than twenty years and must be dismissed. Moreover, Plaintiff's respondeat superior claim also fails because sexually abusing a toddler cannot be within the scope of anyone's employment as a matter of law.

## BACKGROUND

Plaintiff is 44 years old. Complaint, ¶ 6. He claims that he was sexually abused by Fr. Joseph Calimari, a Josephite priest, 40 years ago, when he was approximately 2 to 4 years old.[1] Id., ¶ 7. Plaintiff alleges that Fr. Calimari was his family's "trusted priest" at Christ the King Church ("Christ the King"), which is under the religious jurisdiction of the Archdiocese of Miami (the "Archdiocese"). Id., ¶¶ 4-6. Plaintiff alleges that Fr. Calimari abused him in the church office, a school bus, and a bedroom. Id., ¶ 7.

Plaintiff has brought suit against the Archdiocese, Christ the King, and the Josephites, but not Fr. Calimari. With respect to the Josephites, Plaintiff alleges that the Josephites negligently failed to insure his safety and claims that it should be vicariously liable for the alleged sexual misconduct of Fr. Calimari under the

---

[1] The Josephites are a Roman Catholic religious community dedicated to serving the spiritual and educational needs of African-American communities throughout parts of the United States.

doctrine of respondeat superior. Complaint, ¶¶ 19, 36. Plaintiff seeks more than $10 million in damages. Id., ¶ 2.

## ARGUMENT

### I. Standard of Review.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Although the Court accepts all well-pleaded factual allegations in a complaint as true, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). In this regard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, ---U.S. ----, 127 S.Ct. 1955, 1965, 1964-69 (2007) (citations omitted). Furthermore, dismissal is required under Rule 12(b)(6) if, assuming the truth of the well-pleaded factual allegations of a complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## II.   The Statute of Limitations Bars Plaintiff's Negligence Claim.

The statute of limitations bars Plaintiff claim of negligence against the Josephites. Section 95.11(3)(a) of the Florida Statutes limits an action for negligence to four years. This period is tolled until a minor plaintiff reaches majority. Fla. Stat. § 95.051(1)(h). Plaintiff alleges that he was abused by Fr. Calimari between 1965 and 1967, when he was between the ages of 2 and 4. Complaint. ¶ 6. Thus, Plaintiff waited forty years after the alleged abuse ended and twenty-two years after the statute of limitations expired to bring his claims against the Josephites. Accordingly, the statute of limitations bars Plaintiff's claim of negligence and the claim should be dismissed.

Plaintiff may seek to avoid the statute of limitations by contending that his delay in filing his negligence claim resulted from the Josephites' supposed concealment of its knowledge that Fr. Calimari allegedly sexually abused Plaintiff or other minors. Complaint, ¶ 17. But courts in Florida and throughout the country have routinely rejected this argument in similar cases. E.g., Lee v. Simon, 885 So. 2d 939, 942-943 (Fla. App. 4 Dist. 2004) (holding that an alleged fraudulent or intentional concealment of information does not extend the statute of limitations for the failure to discover the negligent actor); Doe v. Dorsey, 683 So. 2d 614, 616-17 (Fla. App. 5th Dist. 1996), review denied, 695 So. 2d 699 (Fla. 1997) (holding that the "[s]exual abuse of a child in and of itself causes sufficient actual damages, as a matter of law, to support both the intentional tort action against the priest and the negligence action, if one exists, against the church and

4

the bishop," which therefore provides sufficient knowledge to file an action against the priest for the alleged wrongful sexual battery and at the same time against the church for allegedly making such conduct possible because of negligence);[2] Kelly v. Marcantonio, 187 F.3d 192, 201 (1st Cir. 1999) (affirming the dismissal of plaintiff's claims against a priest's employers on statute of limitations grounds and holding that "for a cause of action to accrue, the entire theory of the case need not be immediately apparent ... as soon as [the plaintiffs] became aware of the alleged abuse, they should also have been aware that the [defendants], as the priests' employers, were potentially liable for that abuse"); Mark K. v. Roman Catholic Archbishop, 67 Cal. App. 4th 603, 612-13, 79 Cal. Rptr. 2d 73, 79 (Cal. App. 2 Dist. 1998) (dismissing plaintiff's claims of negligence against an employer on statute of limitations grounds, rejecting plaintiff's attempt to avoid the statute of limitations by claiming that a priest's employer concealed information, and finding that if "plaintiff's approach were to prevail, then any time a tortfeasor failed to disclose evidence that would demonstrate its liability in tort, the statute of limitations would be tolled under the doctrine of concealment. Regardless of whether the issue is characterized as fraud by concealment or equitable estoppel, this is not the law.").

Most recently, the Florida Court of Appeal for the Fourth District affirmed the dismissal of claims nearly identical to Plaintiff's on statute of limitations

---

[2] The Dorsey Court's separate holding regarding restricting the liability of a church to situations involving a risk of criminal conduct, was abrogated by the court in Malicki v. Doe, 814 So. 2d 347 (Fla. 2002).

grounds. In <u>John Doe No. 23 v. Archdiocese of Miami, Inc.</u>, Plaintiff alleged sexual abuse by a teacher and priest more than thirty years earlier. <u>John Doe No. 23 v. Archdiocese of Miami, Inc.</u>, __ So.2d __, 2007 WL 2480835, Fla. App. Dist. September 05, 2007 (No. 4D06-2956), p. 1 (copy attached as **Exhibit 1**). Plaintiff sought to hold the alleged perpetrator's employers, the Archdiocese of Miami and the Marianists (a religious order akin to the Josephites) liable for negligence with respect to the alleged abuse. <u>Id.</u> The appellate court affirmed the finding that the plaintiff had filed his negligence action well outside of the statute of limitations. <u>Id.</u> Moreover, the court rejected the plaintiff's attempt to avoid the statute of limitations by alleging that his delay in filing suit resulted from the defendants' concealment of knowledge related to the supposed sexual abuse. <u>Id.</u> at pp. 1-2. In so doing, the court approvingly cited cases holding that where, like the alleged situation here, a plaintiff has sufficient knowledge to bring an intentional tort claim against a perpetrator of abuse, he or she has sufficient knowledge at that time to bring a related claim against the individual's employer, regardless of the employer's alleged failures to disclose information about the supposed perpetrator or abuse. <u>Id.</u> at p. 2 (citing, *inter alia*, <u>Zumpano v. Quinn</u>, 849 N.E. 2d 926 (N.Y. 2006)).

Plaintiff's stale claim of negligence against the Josephites must be dismissed as a matter of law pursuant to the statute of limitations.

### III. Plaintiff's Respondeat Superior /Vicarious Liability Claim Is Barred By The Statute Of Limitations And Also Fails Because The Alleged Abuse Was Not Within The Scope Of Employment.

Plaintiff's claim against the Josephites on the basis of respondeat superior/vicarious liability similarly fails on the basis of the statute of limitations. Section 95.11(3)(p) of the Florida Statutes limits an action for vicarious liability to four years. This period is tolled until a minor plaintiff reaches majority. Fla. Stat. § 95.051(1)(h). Plaintiff alleges that he was abused by Fr. Calimari between 1965 and 1967, when he was between the ages of 2 and 4. Complaint. ¶ 6. Thus, Plaintiff waited forty years after the alleged abuse ended and twenty-two years after the statute of limitations expired to bring his claims against the Josephites. Just like his negligence claim, therefore, the statute of limitations bars Plaintiff's claim of vicarious liability and the claim must be dismissed.[3]

Plaintiff's vicarious liability claim also should be dismissed because sexually abusing a child is not within the scope of a priest's employment. Under Florida law, an employer may only be held liable for the intentional tort of its employee if the employee was acting within the scope of his employment at the

---

[3]   Plaintiff's vicarious liability claim also is barred because an intentional tort claim against Fr. Calimari for the alleged abuse would be barred by the statute of limitations. Fla. Stat. § 95.11(7). It is well-settled that when a principal's liability rests on the doctrine of respondeat superior, a principal cannot be held liable if the agent cannot be held liable. Buettner v. Cellular One, Inc., 700 So. 2d 48, 48 (Fla. App. 1 Dist. 1997) (holding that vicarious liability claim against employer was barred where underlying claim against employee was barred by statute of limitations). Because Plaintiff's claim for sexual abuse against Fr. Calimari would be barred by the statute of limitations, Plaintiff's attempt to hold the Josephites liable for Fr. Calimari's alleged misconduct cannot be sustained as a matter of law. Buettner, 700 So. 2d at 48.

7

time he committed the tort. Carter v. America Online, Inc., 208 F. Supp. 2d 1271, 1278 (M.D. Fla. 2001). "'Within the scope' means that the conduct must: 1) have been the kind he was employed to perform; 2) have occurred within the time and space limits of his employment; and 3) must have been activated at least in part by a desire to serve the employer." Id. at 1278-1279. "[S]exual misconduct by employees is generally held to be outside the scope of employment and, therefore, is insufficient to impose vicarious liability on the employer." Carter, 208 F. Supp. 2d at 1279 (applying Florida law and citing Agriturf Management, Inc. v. Roe, 656 So.2d 954, 955 (Fla. App. 2d Dist. 1995); Nazareth v. Herndon Ambulance Service, Inc., 467 So. 2d 1076, 1078 (Fla. App. 5th Dist. 1985); City of Green Cove Springs v. Donaldson, 348 F.2d 197, 202 (5th Cir. 1965) (holding that defendant city was not liable for sexual assault committed by city police officer who "stepped aside from his employment to accomplish his own, rather than the City's purpose")).

The alleged abuse of Plaintiff by Fr. Calimari plainly would not be within the scope of Fr. Calimari's employment as a priest. Plaintiff alleges that his mother left him with Fr. Calimari for "care and protection" when Plaintiff was between 2 and 4 years old, but Fr. Calimari instead sexually assaulted him. Complaint, ¶ 7. It is impossible to imagine a circumstance in which the sexual abuse of a toddler could ever be construed as being within the scope of a priest's employment, and that circumstance certainly does not exist where, as here, Plaintiff alleges that Fr. Calimari was supposed to be "caring for and protecting"

him at the time of the alleged abuse. Thus, for this additional reason, Plaintiff's claim of vicarious liability must be dismissed as a matter of law. E.g., Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 358 (Fla. App. 3 Dist. 2001) (finding as a matter of law that church employer could not be vicariously liable for sexual assault committed by its pastor on a church member because although the pastor may have had access to the victim because of his position as church pastor, sexual assault was not within the scope of the pastor's employment); Agriturf Management, Inc, 656 So. 2d at 955 (holding that defendant employer was not vicariously liable for employee's sexual assault because, as a matter of law, fondling of child did not occur in furtherance of employer's business objectives); N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 599 (Okla. 1999) (holding that minister's deviant sexual conduct with children was not within his scope of employment or in furtherance of national organization's business: "Ministers should not molest children. When they do, it is not a part of the minister's duty nor customary within the business of the congregation. Rather than increasing membership, the conduct would assuredly result in persons spurning rather than accepting a faith condoning the abhorrent behavior.").

## CONCLUSION

For all of the above reasons, Plaintiff's claims against the Josephites should be dismissed.

Respectfully submitted this _____ day of September, 2007.

/s/ Brett M. Amron
Tom Messana, Esq.
Fla. Bar No. 991422
Richard Sarafan, Esq.
Fla. Bar No. 296805
Brett M. Amron
Fla. Bar No. 148342
Genovese Joblove & Battista, P.A.
National City Center
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954) 453-8000
Facsimile: (954) 453-8010

Thomas C. Dame, Fed. Bar No. 08352
(To seek admission pro hac vice)
Brian T. Tucker, Fed. Bar No. 27485
(To seek admission pro hac vice)
Gallagher Evelius & Jones LLP
218 N. Charles Street
Baltimore, Maryland 21201

*Attorneys for the Josephites*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12th, 2007 a copy of the foregoing *Memorandum in Support of Motion to Dismiss* was mailed to:

Jeffrey M. Herman
Herman & Mermelstein, P.A.
18205 Biscayne Blvd.
Suite 2218
Miami, Florida 33160
*Attorneys for Plaintiff*

Michael A. Mullen
Gaebe, Mullen, Antonelli, Esco & DiMatteo
420 South Dixie Highway
Third Floor
Coral Gables, Florida 33146
*Attorneys for Defendants
Archdiocese of Miami, Inc., et al.*

/s/ Brett M. Amron

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
July Term 2007

**JOHN DOE NO. 23,**
Appellant,

v.

**ARCHDIOCESE OF MIAMI, INC., CHAMINADE-MADONNA COLLEGE PREPARATORY, INC., and THE MARIANISTS PROVINCE OF THE UNITED STATES, INC.,**
Appellees.

No. 4D06-2956

[September 5, 2007]

PER CURIAM.

Plaintiff appeals the trial court's dismissal with prejudice of his amended complaint for negligence against Defendants Archdiocese of Miami, Inc., Chaminade-Madonna College Preparatory, Inc., and the Marianists Province of the United States, Inc. The complaint arose from alleged sexual abuse of the plaintiff by a teacher and clergyman at the Chaminade High School more than thirty years ago. The trial court dismissed the amended complaint because the plaintiff filed the action well outside of the statutes of limitations for negligence and failed to allege sufficient facts to justify tolling the statute of limitations on an equitable estoppel theory. We affirm.

Although the plaintiff alleged that he was sexually abused by the Archdiocese's employees when he was a student at the Catholic high school in the early 1970s, he waited more than thirty years to file suit. His delay in filing suit outside of the time permitted for negligence actions appeared on the face of his original and amended complaints. When the defendants moved to dismiss the amended complaint based on the statute of limitations, the plaintiff sought to avoid the statute of limitations by relying on the theory of equitable estoppel. The defendant conceded that his delay in filing suit was not the result of any repressed memory of the events. Rather, he asserted that his delay resulted from the defendants' concealment of their knowledge that the subject employees had sexually abused other boys. He contends that this

information would have assisted him in pursuing his wrongful hiring and supervision claims.

To assert equitable estoppel, the defendant must have engaged in wrongful conduct which "induced another into forebearing suit within the applicable limitations period." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1079 (Fla. 2001). Here, the plaintiff failed to allege any wrongful conduct or specific acts of fraud or fraudulent concealment by defendants at any point after the acts alleged in his amended complaint to justify applying the theory of equitable estoppel. *Cf. Fla. Dep't of Health & Rehabilitative Servs. v. S.A.P.*, 835 So. 2d 1091, 1100 (Fla. 2002) (holding that the doctrine of fraudulent concealment applied to toll the statute of limitations where the plaintiff alleged that "after the abuse was uncovered by police, HRS then 'obstructed' the police investigation, 'falsified' reports, 'altered' records, and otherwise 'actively concealed' the abuse").

Further, the plaintiff's claim that the defendants breached a fiduciary duty to disclose the abuse of the other boys does not explain how he was induced to wait almost three decades to sue for abuse. As New York's highest court explained in *Zumpano v. Quinn*, 849 N.E.2d 926, 930 (N.Y. 2006):

> Even if the Court were to assume that a fiduciary relationship existed between the parties during plaintiffs' infancy and that the diocesan defendants had a legal duty to disclose any knowledge of prior incidents of sexual abuse and breached that duty, plaintiffs still failed to demonstrate how that breach prevented them from bringing a timely action. As noted above, defendants' concealment of their own actions and of the priests' conduct, postwrongdoing, does not alter the fact that plaintiffs were fully aware that they had been abused. Plaintiffs also knew the identity of their abusers and that the abusers were employed by the Diocese. They failed to establish that any concealment by defendants changed their awareness of these facts or that defendants had a direct role in plaintiffs' failure to file suit within an appropriate time period.

*See also Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 569 (N.Y. App. Div. 2005), *appeal denied*, 845 N.E.2d 1274 (N.Y. 2006); *Franke v. Geyer*, 568 N.E.2d 931, 934 (Ill. App. Ct. 1991).

2

Even recognizing the defendants' obligation to report child abuse to the authorities at that time,[1] we can find no authority which would render a violation of that duty an estoppel to assert the statute of limitations. We conclude that the trial court properly dismissed the amended complaint on the basis of the statute of limitations. Because any further attempt to amend the complaint to state the requisite allegations for tolling the statute of limitations would be futile, the dismissal was properly entered with prejudice. *See Walters v. Ocean Gate Phase I Condo.*, 925 So. 2d 440, 441 (Fla. 5th DCA 2006).

*Affirmed.*

POLEN, STEVENSON and TAYLOR, JJ., concur.

\*    \*    \*

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Robert L. Andrews, Judge; L.T. Case No. 05-13144 CACE 09.

Stuart S. Mermelstein of Herman & Mermelstein, P.A., Miami, for appellant.

Michael A. Mullen and Anne C. Sullivan of Gaebe, Mullen, Antonelli, Esco & DiMatteo, Coral Gables, for appellees.

***Not final until disposition of timely filed motion for rehearing.***

---

[1] *See* Ch. 71-97, at 243, Laws of Fla.

3